Pennington *v.* Rutherford.

26    313
65    371

## PENNINGTON, Trustee, *vs.* RUTHERFORD.

Under a gift, in trust, of the rents, issues and profits of each and every undivided fourth part of a fund, to be applied, (each of said fourth parts,) to the use of each and every one of four several *cestuis que trust*, during their respective lives, and, after their deaths, the said several portions, the use

whereof is so limited to them respectively, to their respective children; the children of any of such *cestuis que trust* dying, are entitled to the immediate possession of the property limited to the use of their parent.

Submitted on bill and answer, without argument.

THE VICE-CHANCELLOR.

The complainant is trustee, under the will of John Rutherford, by appointment of the Orphans Court of the county of Bergen. His bill is filed for instruction. He claims his duty is put in doubt by the language used by the testator, in disposing of the one-seventh part of his estate by gift, in trust, expressed as follows: "In trust to receive the rents, issues and profits of, and from each and every undivided fourth part thereof, and to apply the same to the use of my grandsons, John Rutherford, junior, Walter Rutherford, Lewis Morris Rutherford, and Robert Walter Rutherford, junior, *during their respective lives,* that is to say, one equal undivided fourth part to each and every of them respectively; and, *after their deaths,* I give the said several portions, the use whereof is so limited to them respectively, to their respective children, or the issue of such children, the issue representing their parents, in fee simple."

Two of the *cestuis que trust,* Walter and John, are dead. Walter died in 1870, leaving four children, and John in 1871, also leaving four children. These children, either in person, or by their guardians, now claim that the purpose of the trust, so far as it affected the two shares or fourths, of which their fathers were entitled to the use during life, has been fully accomplished, and that they are entitled to the immediate possession of the property limited to the use of their parents. The complainant is in doubt whether or not he can safely accede to this claim; and the ground of his doubt is, whether, by the terms of the gift, his estate and interest in the whole of the trust property continues until the death of the survivor of the four *cestuis que trust,* or the children of each are to come into possession of the share held for the parent, as each parent dies.

In the construction of wills the primary object is to give effect to the intention of the testator. If that can be clearly seen the line of duty is plain. And it may be stated as a principle, equally obvious, that a trustee is bound to surrender the trust property to those who are entitled to the absolute legal estate or interest, whenever the purposes of the trust are fully accomplished.

I think the intention of the testator in this case is quite manifest. The object of the creation of the trust was, to give each of these four grandsons the use of the one-fourth of that part of his estate which he intended should ultimately go absolutely to that branch of his family which they represented, in such manner that they could neither waste nor lose it, and as each dropped out by death, the share or part limited to his use should go, immediately and absolutely, to his children. It will be observed the children of the *cestuis que trust* are to take absolutely; the trust property is not given as an unit, but in distinct parts; a distinct part of the rents, issues and profits is to be applied to the use of each of the *cestuis que trust;* they have no joint right or interest, and the quantum of interest of neither can, under any circumstances, be either enlarged or diminished; and the gift to the children, to take effect in possession on the death of the beneficiaries for life, is made by several portions. It will also be observed no disposition is made of the rents, issues and profits accruing on the shares, held for the use of those who should die first, between the time of their death and the death of the survivor: If it had been intended the trustee should hold the whole trust property until the death of the survivor of the four, and the gift to their children should not take effect in possession until that time, it is quite evident some provision would have been made, either for their accumulation or appropriation during the intervening period; the absence of such a provision, in a will drawn with care, in my judgment shows the intention of the testator to a demonstration.

The words "after their deaths" create very little, if any,

·obscurity, when considered in connection with other expressions used by the testator to indicate his purpose.

My opinion is, that on the death of Walter and John, the children of each became entitled absolutely, to the share held for them respectively, and that the purpose of the trust as to these two shares is fully accomplished, and the trustee may safely surrender this part of the trust property.

I shall advise a decree in conformity to these views.